TROUT-WARE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14910. Promulgated September 29, 1948.

*W. Dean Hopkins, Esq.*, for the petitioner.
*Howard M. Kohn, Esq.*, for the respondent.

Murdock, *Judge*: Section 725 exempts corporations from the excess profits tax under subchapter E if they so elect and come within the definition of a personal service corporation as defined in section 725 (a). The provisions of supplement S to chapter I then apply to the shareholders of the corporation. A personal service corporation is defined in (a) as "a corporation whose income is to be ascribed primarily to the activities of shareholders who are regularly engaged in the active conduct of the affairs of the corporation and are the owners at all times during the taxable year of at least 70 per centum in value of each class of stock of the corporation, and in which capital is not a material income-producing factor."

The petitioner in this case made the election provided in section 725 (b). The respondent argues, feebly, that capital was an income-producing factor, but the evidence shows that it was not. The only other argument of the respondent is that the income of this corporation can not be ascribed primarily to the activities of Alice Trout. She was regularly engaged in the active conduct of the affairs of the petitioner and she owned during the taxable years in excess of 70 per centum of the stock. The other stockholder, Ware, was not regularly engaged in the active conduct of its affairs during the taxable years and had not been for several years. The contention of the petitioner is that Alice "controlled the quality of each portrait by her skillful work in retouching negatives and correcting proofs." The petitioner concedes that other employees had skill, but argues that they merely carried out her ideas, suggestions, and corrections in order to bring each finished photograph up to the standards which she set.

This case presents a rather close question as to whether the petitioner has sustained its burden of proof, that is, whether it has shown that its income is to be ascribed primarily to the activities of Alice Trout. She and a number of the other employees of the petitioner testified, in effect, that she was the dominant personality in the organization, the correcting and retouching she did was the most important single step in giving the portraits quality and distinction, and she, by her criticisms and suggestions to her subordinates, caused them to do the work which was necessary to assist her in creating the finished product. There is also evidence that customers came to the petitioner because of the quality and distinction which Alice Trout gave to the photographs produced by the petitioner.

On the other side there is the determination of the Commissioner that this was not a personal service corporation, evidence that a num-

ber of the other employees were making substantial contributions to the success of the petitioner, and the amount of compensation paid to Alice and the other employees, which indicates that the corporation itself in fixing salaries did not regard Alice as so important as the testimony might indicate. However, after carefully analyzing all of the evidence, a finding has been made that this was a personal service corporation during the taxable years. The Commissioner made no effort to overcome the prima facie showing of the petitioner. He undoubtedly knows much of the affairs of many photographers in Cleveland and other cities of the United States, and if the activities of Alice were not relatively as important as the testimony in this case indicates, the Commissioner could have brought in countervailing evidence. This case, of course, must be decided upon the evidence in the record, and that evidence preponderates slightly in favor of the petitioner.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

---

BLACK, *J.*, dissenting: I respectfully dissent from the majority opinion wherein it holds that petitioner was a personal service corporation within the meaning of section 725 (a) of the Internal Revenue Code during the taxable year. I readily agree with the majority opinion that the facts show that capital was not a material income-producing factor in petitioner's business. But I am unable to agree with the conclusion that petitioner's income in the taxable year is to be ascribed primarily to the activities of one of its stockholders, namely, Alice Trout.

It is unnecessary, of course, to emphasize that the excess profits tax statute is a complicated one and Congress has conferred upon the Treasury Department authority to promulgate regulations in its enforcement. The Treasury has done that in Regulations 112, section 35.725-2 (c) of which reads in part as follows:

\* \* \* If employees other than shareholders contribute substantially to the services rendered by a corporation, such corporation is not a personal service corporation unless, in every case in which services are so rendered, the value of and the compensation charged for such services are to be attributed primarily to the experience or skill of the shareholders and such fact is evidenced in some definite manner in the normal course of the business or profession. The fact that the shareholders give personal attention or render valuable services to the corporation as a result of which its earnings are greater than those of a corporation engaged in a like or similar business or profession, the shareholders of which are not regularly engaged in the activities of the corporation, does not of itself constitute the corporation a personal service corporation.

So far as I am able to see the foregoing is a reasonable and valid regulation in the enforcement of section 725. I do not think that peti-

tioner has borne the burden of proof in bringing itself within the ambit of the foregoing regulation. In fact I would say that the facts as found in the majority report affirmatively show that petitioner does not bring itself within the foregoing regulation. Therefore, I think that the ultimate finding of the majority that "The petitioner was a personal service corporation within the meaning of section 725 (a) of the Internal Revenue Code during the taxable year" is not justified and therefore should not be made.

TURNER, LEECH, TYSON, and DISNEY, *JJ.*, agree with this dissent.