## I. PUTNAM, INC., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20367.    Promulgated August 3, 1950.

*Gaylord Riggs, Esq.,* for the petitioner.
*Michael Waris, Jr., Esq.,* for the respondent.

88

**OPINION.**

BLACK, *Judge:* The petitioner states in its brief the only issue which we have here to decide, as follows:

On its returns for 1944 and 1945 the taxpayer deducted as an expense a pension paid to the widow of its deceased president and co-founder in the amount of $6500 in 1944 and $5750 in 1945. The Commissioner of Internal Revenue has disallowed these items, asserting that they are improper deductions. The taxpayer takes exception to this disallowance.

The question for decision is:

Was the taxpayer correct in deducting these pensions as ordinary and necessary business expenses?

The applicable statute and regulations are printed in the margin.[1]

The substance of petitioner's contentions as urged in its brief, as we understand them, is that these payments which we have here in controversy are deductible as ordinary and necessary business expenses because: (1) they were made in pursuance of contractual obligations and such payments represented additional compensation for services rendered to the petitioner by Israel Putnam during his lifetime and for which services he was inadequately compensated during his life, and (2) if petitioner is in error in contending that such payments were made to the widow of decedent Putnam in pursuance of contractual obligations, nevertheless, such payments are deductible by petitioner under the provisions of Regulations 111 which say:

* * * When the amount of the salary of an officer or employée is paid for a limited period after his death to his widow or heirs, in recognition of the services rendered by the individual, such payments may be deducted. * * *

Petitioner further contends that under the facts and circumstances in this particular case the period of 40½ months for which the payments were made is a reasonable period and falls within the meaning of "limited period" as used in the applicable regulations.

Respondent, on his part, contends that the payments in question were not made by petitioner in pursuance of any contractual obligation but were voluntary payments made to the widow of Israel Putnam after his death and are only deductible for "a limited period" as provided in section 29.23 (a)-9, Regulations 111, and that respondent's action in allowing such payments as deductions for 18 months complies with the applicable regulations.

We have no question here, of course, as to petitioner's right to deduct the retirement payments made to Israel Putnam during his lifetime. These are not before us in any way.

Both parties in their briefs discuss cases which they contend uphold their respective points of view as to the deductibility of the payments made to the widow. We have carefully examined all these cases but

---

[1] INTERNAL REVENUE CODE.

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In general.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered. * * *

REGULATIONS 111.

Sec. 29.23 (a)-9. Pensions—Compensation for Injuries.—Amounts paid by a taxpayer for pensions to retired employees or to their families or others dependent upon them, or on account of injuries received by employees, and lump-sum amounts paid or accrued as compensation for injuries, are proper deductions as ordinary and necessary expenses. Such deductions are limited to the amount not compensated for by insurance or otherwise. When the amount of the salary of an officer or employee is paid for a limited period after his death to his widow or heirs, in recognition of the services rendered by the individual, such payments may be deducted. *As to deductions for payments to employees' pension trusts. see section 23 (p).*

we shall not undertake to discuss them all. There are two cases cited and discussed by the parties which, we think, merit out attention and discussion.

The first of these cases is *Seavey & Flarsheim Brokerage Co.*, 41 B.T.A. 198. In that case, in 1928, the taxpayer in order to retain the services of a valuable employee who was not a stockholder agreed. in addition to the compensation he was then receiving for his services, to pay to his widow after his death $12,000 per annum from the net earnings attributable to its St. Louis office. Under these circumstances we held the payments made to the widow of Milton Flarsheim in 1934 under the terms of the agreement were an ordinary and necessary expense paid or incurred during the year 1934 by the taxpayer in connection with its business and were deductible. After reciting the circumstances under which the agreement to make such payments was made, we said:

> In this situation petitioner sought to retain Milton's services if possible, and in order to meet his requirements agreed, in addition to the compensation which he was then receiving for his services, to pay to his wife, if she survived him, $12,000 a year during her lifetime. Obviously, this was additional compensation for his services. There is no contention that the $12,000 was a gift by petitioner or that it was in excess of what Milton's services were reasonably worth. * * *

Manifestly, we do not have any such facts here. When all the facts are taken into consideration, we oo not think that it can be said that the payments made to Florence M. Putnam after her husband's death were contractual as was the case in *Seavey & Flarsheim Brokerage Co., supra.* In our findings of fact we have given the several corporate resolutions under which these payments were made. The resolution of June 13, 1945, reads:

> The resolution relating to the unlimited annuity made under date of June 11, 1941, was submitted to counsel for a legal opinion. The corporation was advised that the manifest intent of the resolution was to provide a voluntary pension, therefore,
> Upon motion duly made, seconded and carried, it was
> RESOLVED: That the resolution recorded in the minutes of the monthly meeting of the Board of Directors on June 11. 1941, and referred to above, be amended by striking out the words "unlimited annuity" wherever they appear and substituting the words "voluntary pension."

Therefore, considering all the facts in the instant case, we think we must conclude that the payments made to Florence M. Putnam after her husband's death were not contractual as in the *Seavey & Flarsheim Brokerage Co.* case but were voluntary payments to be made for a limited period.

The payments made to Florence M. Putnam being voluntary and not contractual, it seems to us fall within the ambit of *McLaughlin Gormley King Co.*, 11 T. C. 569. In that case the taxpayer was a Minnesota corporation. Its president died on July 7, 1939, and the

taxpayer, pursuant to a resolution adopted unanimously at the annual meeting of its stockholders on November 14, 1939, paid to his widow the remainder of her husband's salary for the month of July 1939, and thereafter $300 each month through the fiscal year ended September 30, 1943. We held that payments made by the petitioner subsequent to November 30, 1941, were not deductible by the taxpayer as ordinary and necessary business expenses under section 23 (a), I. R. C. or the provisions of section 29.23 (a)-9 of Regulations 111. Thus the payments made to the widow of Alexander McLaughlin, founder of the business of McLaughlin Gormley King Co., after his death which had been allowed as deductions by the Commissioner to the corporation for a period of 29 months after the death of the deceased officer of the corporation were not disturbed by us but we declined to allow the deduction for any additional period. In that case we said:

It is our conclusion that, in the absence of a contract liability, an established pension policy, or a showing that such payments were for past compensation and were reasonable in amount, the payments may not be deducted under section 23 (a). We do not understand that petitioner claims that any business benefits flowed to it as a result of the payments in question.

The deficiency notice states that the "limited period" for which the petitioner could claim deductions for the payments made to Elizabeth J. McLaughlin terminated not later than November 30, 1941, 29 months after they were initiated, by virtue of section 29.23 (a)-9 of Regulations 111.

The effect of our decision in that case was to sustain the determination of the respondent.

Regulations 111, section 29.23 (a)-9, as we have pointed out, provides for the deductibility of salary payments to the widow or heirs of a deceased officer or employee for a limited period in recognition of past services rendered. This provision first appeared in Regulations 45 under the Revenue Act of 1918 and it has remained more or less without change in subsequent regulations. But the limitation on the period within which deductible payments may be made has not been expressly defined. We think what is "a limited period" within the meaning of the regulations will depend upon the facts of each particular case. In the instant case the Commissioner has allowed the deduction for a period of 18 months. After careful consideration of all the facts, we think that a period of 24 months is "a limited period" within the meaning of Regulations 111, section 29.23 (a)-9. The Commissioner has already allowed deductions for a period of 18 months in prior years. In a recomputation under Rule 50 the payments to Florence M. Putnam for the first six months of 1944 should be allowed as deductions so as to complete the period of 24 months as "a limited period." The Commissioner is sustained in his disallowance of the deductions for the remainder of the period in which the payments were made.

*Decision will be entered under Rule 50.*