William H. Swan and Sons, Inc. v. Commissioner.
William H. Swan & Sons, Inc. v. Commissioner
Docket No. 47793.
United States Tax Court
T.C. Memo 1955-30; 1955 Tax Ct. Memo LEXIS 315; 14 T.C.M. (CCH) 105; T.C.M. (RIA) 55030; January 31, 1955
*315 Petitioner corporation made payments to the widow of a deceased employee from the date of such employee's death on September 10, 1944, to and throughout the year 1950. It deducted such payments as ordinary and necessary business expenses on its returns for each of such years. Respondent disallowed the deduction of such payments in 1948, 1949, and 1950. Held, payments made by the petitioner from 1948 to 1950, inclusive, were not deductible by it as ordinary and necessary business expenses under section 23(a) of the Internal Revenue Code of 1939 or the provisions of section 29.23(a)-9 of Regulations 111. J. W. Oast, Jr., Esq., Citizens Bank Building, Norfolk, Va., for the petitioner. R.G. deQuevedo, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion
*316 This proceeding involves deficiencies determined by the respondent for the years 1948, 1949, and 1950 in the respective amounts of $1,208.40, $1,653.60, and $717.60. The issue is whether payments made by petitioner to the widow of a deceased employee in 1948, 1949, and 1950 are deductible by it as ordinary and necessary business expenses under the provisions of section 23(a) of the Internal Revenue Code of 1939, where there is no contractual liability on petitioner's part to make such payments. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. Petitioner, a Virginia corporation with principal offices at Norfolk, Virginia, filed its income tax returns for the years in issue with the collector of internal revenue at Richmond. Petitioner is engaged in business as a ship chandler. In the course of such business petitioner held itself responsible for supplying all needs of an ocean going vessel after the vessel was commissioned. The business is a highly specialized one and requires long periods of apprenticeship for persons engaged therein. In July 1935, petitioner employed a young man by the *317 name of John R. Cobb, Jr. (hereinafter referred to as Cobb), at a starting salary of $22 per week. Cobb proved to be a valuable employee. In 1942 or 1943, he was offered employment by another ship chandler and discussed the offer with John Swan, petitioner's vice-president and manager in charge of its Norfolk, Virginia operations. In 1944, petitioner was a small organization employing only fifteen persons. Swan advised Cobb that petitioner considered him to be a permanent employee and would continue his employment for as long as Cobb wished. On the basis of such assurances, Cobb remained with petitioner and declined the offer of another job. Cobb was married and had four children, ranging from age 3 to age 9 when he died on September 10, 1944. He left a negligible estate. Petitioner paid his funeral expenses and other bills which he owned at the time of his death. It paid to his widow, until March 1945, $90 per week which was equivalent to his salary. Thereafter, to and throughout the year 1950, it paid her $60 each week. Respondent allowed all payments made to Cobb's widow at the time of his death to and throughout the year 1947 to be deducted by petitioner as ordinary and necessary *318 business expenses. The sums of $3,180, $3,120, and $3,120 paid by petitioner to Cobb's widow in 1948, 1949, and 1950, respectively, were not deductible by it as ordinary and necessary business expenses. Opinion RICE, Judge: Despite petitioner's argument to the contrary, we are unable, from this record, to find that there was a fixed contractual obligation on its part to pay Cobb's widow any amount of money subsequent to Cobb's death. We have no doubt but that petitioner was the type of firm which felt a great measure of responsibility for the welfare of its employees and their families. It may well be that Cobb understood John Swan's statement that petitioner considered him to be a permanent employee as meaning that his job was secure and that in the event his family needed assistance upon his death that petitioner would take care of his widow and children. Even though this may have been Cobb's understanding, it was not a contract binding upon petitioner other than in a moral sense; and, hence, the payments which petitioner made to Cobb's widow are not payments pursuant to any contractual liability on its part. Cf. Seavey & Flarsheim Brokerage Co., 41 B.T.A. 198 (1940). *319 The record does not show that petitioner had any established practice of providing for the needs of a deceased employee's family. As heretofore noted in our findings, respondent permitted petitioner to deduct all payments to Cobb's widow from the time of his death in 1944 to and throughout the year 1947 as ordinary and necessary business expenses. This seems to us an eminently fair application of the provisions of section 29.23(a)-9 of Regulations 111 [1] which provides that the amount of the salary of an officer or employee paid to his widow or heirs for a limited period after his death is deductible as an ordinary and necessary business expense. Philadelphia-Baltimore Stock Exchange, 19 T.C. 355 (1952); I. Putnam, Inc., 15 T.C. 86 (1950); McLaughlin Gormley King Co., 11 T.C. 569 (1948). *320 While the action of petitioner in continuing the payments to Cobb's widow throughout the years in issue in recognition of the needs of his family is most commendable, we are unable to allow their deduction as ordinary and necessary business expenses because it would be an unwarranted extension of what we have heretofore recognized as being a "limited period" within the meaning of the Regulations. Decision will be entered for the respondent. Footnotes
1. REGULATIONS 111. Sec. 29.23(a)-9. Pensions - Compensation for Injuries. - Amounts paid by a taxpayer for pensions to retired employees or to their families or others dependent upon them, or on account of injuries received by employees, and lumpsum amounts paid or accrued as compensation for injuries, are proper deductions as ordinary and necessary expenses. Such deductions are limited to the amount not compensated for by insurance or otherwise. When the amount of the salary of an officer or employee is paid for a limited period after his death to his widow or heirs, in recognition of the services rendered by the individual, such payments may be deducted. As to deductions for payments to employees' pension trusts, see section 23(p)↩.